**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt (N.J. Bar No. 016631997)
Anastasia Stylianou (N.J. Bar No. 198022017)
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
*Attorneys for Defendant*
*Carvana, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NINA F. BALCH,<br><br>     Plaintiff,<br><br>vs.<br><br>CARVANA, LLC and JOHN DOES 1-5<br>AND 6-10,<br><br>     Defendants. | Civil Action No.  1:22-cv-5324<br><br>**NOTICE OF REMOVAL**<br><br>***Electronically Filed*** |

**TO: THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Carvana, LLC ("Defendant"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Burlington County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89, and states:

1. Plaintiff, Nina F. Balch ("Plaintiff"), purporting a residency in North Carolina, commenced this action against Defendant on July 21, 2022, by filing a Complaint in the Superior Court of New Jersey, Law Division, Burlington County, captioned "*Nina F. Balch v. Carvana, LLC and John Does 1-5 and 6-10*," and bearing Docket No. BUR-L-001338-22 ("the State Court Action").  The State Court Action is now pending in that court.

2.       Defendant was served with the Summons and Complaint on August 5, 2022.  This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.       Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4.       The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5.       Specifically, Plaintiff is an individual and resident and, upon information and belief, a citizen of North Carolina, as she states she resides in North Carolina. (*See* Ex. A, ¶ 2). *Vaughn v. Vaughn*, 674 Fed. Appx. 145, 146 (3d Cir. 2017) ("[I]t is the citizenship of the parties at the time the action is commenced which is controlling."); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("[W]hen the jurisdictional basis is diversity of citizenship, diversity is assessed as of the time the complaint was filed."); *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citizenship is determined by domicile); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile.").

6.       A limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of its members.  *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  Defendant is a limited liability company formed under the laws of the State of Arizona, with its principal place of business in Tempe, Arizona.  Defendant's sole member is Carvana Operations HC LLC.

7.       Carvana Operations HC LLC is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Tempe, Arizona.  It has two members: Carvana Co. Sub LLC, and Carvana Group, LLC.

8.       Carvana Co. Sub LLC is a limited liability company formed under the laws of the

State of Delaware, with its principal place of business in Tempe, Arizona.  Carvana Co. Sub LLC's

sole member is Carvana Co., a company formed under the laws of the State of Delaware with its

principal place of business in Tempe, Arizona.  Therefore, it is a citizen of Delaware and Arizona.

*Id.; Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

9.      Carvana Group, LLC is a limited liability company formed under the laws of the

State of Delaware, with its principal place of business in Tempe, Arizona.  Carvana Co. Sub LLC

is the sole member of Carvana Group, LLC with voting rights, holding 100% of such rights.  It

also holds 55.6% of Carvana Group, LLC's economic rights.  Individual LLC unitholders own the

remaining economic rights of Carvana Group, LLC. None of those individual unitholders are

residents of or domiciled in New Jersey or North Carolina.

10.     Thus, based on the citizenship of Defendant's members, complete diversity is

established between Plaintiff and Defendant, because Plaintiff and Defendant are citizens of

different states.  Plaintiff is a citizen of North Carolina, and Defendant is not.

11.     The matter in controversy in the State Court Action exceeds the sum or value of

$75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a)      In the Complaint, Plaintiff alleges claims for discrimination based on

disability/perceived disability and for retaliation in violation of the New Jersey Law Against

Discrimination ("NJLAD").  (*See* Ex. A, Complaint, ¶¶ 35-40).  Plaintiff seeks compensatory

damages, non-economic compensatory damages, including emotional distress and personal

hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, back

and front pay, and other equitable relief. (*See* Ex. A, Complaint, Wherefore Paragraphs).

(b)      Plaintiff's Complaint does not specify the amount she seeks to recover from

Defendant.  According to a reasonable reading of the Complaint and a preponderance of the

evidence, Plaintiff's demand, and the amount in controversy, is in excess of $75,000.  *See Dart*

3

*Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed). Moreover, to the extent that any damages accrue during the course of litigation, the relevant timeframe for calculating damages is the expected damages at the time of trial. *Cf. Sussman v. Capital One, N.A.*, Civ. No. 14-01945, 2014 U.S. Dist. LEXIS 151866, at *9 (D.N.J. Oct. 24, 2014).

(c)     At the time of the termination of her employment with Defendant on August 20, 2021, Plaintiff was a full-time employee earning $15 per hour, or approximately $31,200, annualized. Therefore, at the time of this filing more than a year later, Plaintiff's purported gross lost wages are at least $31,200.

(d)     Further, to the extent Plaintiff has not obtained employment and seeks front pay or future lost earnings, such amounts must be added to the amount in controversy. *Curro v. Hd Supply*, Civ. No. 19-19198, 2020 U.S. Dist. LEXIS 114142, at *8 (D.N.J. June 29, 2020); *see Andujar v. Gen. Nutrition Corp.*, Civ. No. 14-7696, 2018 WL 1087494, at *10 (D.N.J. Feb. 28, 2018), *aff'd*, 767 Fed. App'x 238 (3d Cir. 2019) (court upheld jury award of $60,000 in front pay for plaintiff earning $15 per hour or $31,000 annually, representing approximately two years of front pay). In this case, two years of front pay at a rate of $31,200 is $62,400.

(e)     Plaintiff also alleges emotional pain and suffering-related damages. Damages for alleged emotional harm are recoverable under the NJLAD and can add significantly to the amount in controversy. *Angus*, 989 F.2d at 146 (recognizing that claims for damages for emotional distress should be included in determining whether the jurisdictional amount is met). Courts have routinely upheld "garden variety" awards for emotional distress damages in excess of $75,000. *See, e.g., Quinlan v. Curtiss-Wright Corp.*, 425 N.J. Super. 335 (App. Div. 2012) (in sex

discrimination case for failure to promote and retaliation, court upheld "garden variety" damages award of $405,000); *Klawitter v. City of Trenton*, 395 N.J. Super. 302 (App. Div. 2007) (in race discrimination case, court upheld a "garden variety" damages award of $79,000).

(f)     In addition to the above lost wage and other compensatory damages, Plaintiff also seeks punitive damages, which further satisfy the amount in controversy.   "The Court must consider the plaintiff's demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009) (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages)).

(g)     Finally, the NJLAD provides for the recovery of attorneys' fees to the prevailing party, N.J.S.A.§ 10:5-27.1, and thus, such fees should be calculated as part of the amount in controversy requirement.   Attorneys' fees are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *See Goralski*, at *16-17 (citation omitted).

(h)     Accordingly, aggregating these amounts, the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1332(a).

12.     The Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

13.     Upon filing of the Notice of Removal, Defendant gave written notice thereof to Samantha Pankey Martin, Esq., Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, N.J. 08054, attorneys for Plaintiff Nina F. Balch, and filed copies of the Notice of Removal

with the Clerk, Superior Court of New Jersey, Law Division, Burlington County, pursuant to 28 U.S.C. §1446(d).

14.     By filing the Notice of Removal, Defendant does not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*
*Carvana, LLC*


By:  *s/ Keith J. Rosenblatt*                
Keith J. Rosenblatt
krosenblatt@littler.com
Anastasia Stylianou
astyliano@littler.com

Dated:    August 31, 2022

# EXHIBIT A



# Notice of Service of Process

**MD2 / ALL**
**Transmittal Number: 25372697**
**Date Processed: 08/12/2022**

| | |
|---|---|
| **Primary Contact:** | Courtney Beller<br>Carvana<br>1930 W Rio Salado Pkwy<br>Tempe, AZ 85281-2207 |
| **Electronic copy provided to:** | Jessica O'Neal<br>Ronald Harry<br>Daniel Ramirez<br>David Gondo<br>Hannah Jordan<br>Nancy Soto<br>Honore Hishamunda<br>Mercedes Solarez<br>Marisol Rosas<br>Greg Davis<br>Kiana Mincheff<br>Courtney Nsibambi<br>Michelle DeVivo<br>Kaylie Martinez<br>Emily Barcenas<br>Malik McKinney<br>Misty Leslie<br>Angela Gruevski<br>Paige Haws<br>Savannah Scharnhorst<br>Priscilla De La Cerda<br>Kenny Ho |

| | |
|---|---|
| **Entity:** | Carvana, LLC<br>Entity ID Number  3114390 |
| **Entity Served:** | Carvana, LLC |
| **Title of Action:** | Nina F. Balch vs. Carvana, LLC |
| **Matter Name/ID:** | Nina F. Balch vs. Carvana, LLC (12689759) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Burlington County Superior Court, NJ |
| **Case/Reference No:** | BUR-L-001338-22 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 08/05/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Costello & Mains, LLC<br>856-727-9700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

**COSTELLO & MAINS, LLC**
By: Samantha Pankey Martin
Attorney I.D. No. 397982022
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
smartin@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| NINA F. BALCH,<br><br>              Plaintiff(s),<br><br>vs.<br><br>CARVANA, LLC and JOHN DOES 1-5<br>AND 6-10,<br><br>             Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO: BUR-L-1338-22<br><br>**SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: August 3, 2022

**Name of Defendant to be Served:**
**Address of Defendant to be Served:**

Carvana, LLC
Princeton South Corporate Center
Suite 160
100 Charles Ewing Boulevard
Ewing, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Samantha Pankey Martin
Attorney I.D. No. 397982022
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
smartin@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| NINA F. BALCH, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| CARVANA, LLC and JOHN DOES 1-5 | : | DOCKET NO: |
| AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff Nina F. Balch, residing in Burlington County, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought under the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination, perception of disability discrimination and retaliation.

### Identification of Parties

1.     Plaintiff Nina F. Balch ("Plaintiff") was, at all relevant times herein, a resident of the State of New Jersey and was Defendant's employee.

2.     Plaintiff is now a resident of the State of North Carolina.

3.     Defendant Carvana, LLC is, at all relevant times herein, a limited liability company conducting business in the State of New Jersey at 600 Creek Road, Delanco, New Jersey and, at all relevant times herein, was Plaintiff's employer.

1

4.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or

entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are

answerable to the Plaintiff for the acts set forth herein.

### General Allegations

5.      Plaintiff, a disabled individual, was Defendant's employee from on or about

January 21, 2021, until her unlawful termination on or about August 19, 2021.

6.      During the course of her employment with Defendant, Plaintiff held the Lot

Attendant position.

7.      At all times relevant hereto, Plaintiff met or exceeded the legitimate expectations

of her employer.

8.      Plaintiff's day-to-day work was controlled and supervised by Defendant and its

representatives throughout her tenure.

9.      On or about April 24, 2021, Plaintiff became injured in her left arm and shoulder.

10.      Plaintiff experienced pain and numbness in her left arm and shoulder, which

caused her to report to urgent care on or about April 25, 2021.

11.      On said date, Plaintiff notified her Manager, Kevin Feynman ("Mr. Feynman"),

of the same.

12.      The urgent care physician immediately placed Plaintiff on a medical leave of

absence until she could report to her primary care physician ("PCP").

13.      Plaintiff utilized her paid time off ("PTO") to take said leave of absence.

14.      In or about the week of May 10, 2021, Plaintiff reported to her PCP who referred

her to an orthopedist.

2

15.     As Plaintiff no longer had PTO, Mr. Feynman suggested that Plaintiff take a medical leave of absence through Defendant's disability insurance provider, Unum.

16.     Plaintiff's leave of absence constituted a reasonable accommodation of disability.

17.     Defendants and Unum both approved Plaintiff's medical leave of absence and Defendant was therefore on notice of Plaintiff's disability and/or perceived disability.

18.     Thereafter, in or about June 2021, Plaintiff presented to the referred orthopedist.

19.     As Plaintiff was still experiencing pain, swelling, and tingling, she reported to Frank Anthony P. Aliganga, M.D. ("Dr. Aliganga") in or about July 2021.

20.     On said date, Dr. Aliganga diagnosed Plaintiff with a pinched nerve and advised her to restrict use of her arm for two weeks.

21.     Plaintiff was disabled within the meaning of the term under the LAD.

22.     Subsequently, as Plaintiff's pain and swelling lessened, in or about early August 2021, Plaintiff sent a text message to Mr. Feynman stating she could return to work.

23.     In response, Mr. Feynman advised the Plaintiff that he would forward her physicians the "fitness for duty" forms.

24.     Plaintiff filled out Defendants' and Unum's paperwork and followed their procedures in order to return to work.

25.     On or about August 16, 2021, Lindsey Isbell ("Ms. Isbell"), Human Resources Representative, forwarded Plaintiff the requisite forms to submit to Defendant's Leave Department.

26.     Thereafter, Whitney Gruber ("Ms. Gruber"), Manager, called Plaintiff on or about August 17, 2021, alleging that there were discrepancies in her return-to-work paperwork.

3

27.    Plaintiff corrected Ms. Gruber's records and Ms. Gruber advised Plaintiff that she would "get back to her" after discussing her paperwork with the Leave Department.

28.    The following day, on or about August 18, 2021, Plaintiff emailed Ms. Gruber as she did not receive a response to her corrections.

29.    Subsequently, on or about August 19, 2021, Ms. Gruber and Mr. Feynman called Plaintiff and abruptly terminated her employment, alleging Plaintiff had not returned to work.

30.    A determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's disability.

31.    In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's discharge was Defendant's perception of Plaintiff as disabled.

32.    In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's protected conduct seeking and receiving a reasonable accommodation of her disability.

33.    As a result of the actions of Defendant, Plaintiff has been forced to suffer both economic and emotional harms.

34.    Because the actions of Defendant were egregious and because members of upper-management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

**COUNT I**

**Disability Discrimination Under the LAD**

35.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 34, as though fully set forth herein.

4

36.     For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

37.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 36, as though fully set forth herein.

38.     For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### Retaliation Under the LAD

39.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 38, as though fully set forth herein.

5

40.     For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### Request for Equitable Relief

41.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 40 as though fully set forth herein.

42.     Plaintiff requests the following equitable remedies and relief in this matter.

43.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

44.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

45.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

6

46.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

47.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

48.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

49.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

**By:   _/s/ Samantha Pankey Martin_**
Dated: July 21, 2022                              **Samantha Pankey Martin**

7

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:  _/s/ Samantha Pankey Martin_
         **Samantha Pankey Martin**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:  _/s/ Samantha Pankey Martin_
         **Samantha Pankey Martin**

8

## RULE 4:5-1 CERTIFICATION

1.  I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.  I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By:  **_/s/ Samantha Pankey Martin_**
**Samantha Pankey Martin**

## DESIGNATION OF TRIAL COUNSEL

Samantha Pankey Martin, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By:  **_/s/ Samantha Pankey Martin_**
**Samantha Pankey Martin**

9

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001338-22

**Case Caption:** BALCH NINA  VS CARVANA, LLC

**Case Initiation Date:** 07/21/2022

**Attorney Name:** SAMANTHA PANKEY MARTIN

**Firm Name:** COSTELLO & MAINS LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : BALCH, NINA, F

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: NINA F BALCH?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/21/2022
Dated

/s/ SAMANTHA PANKEY MARTIN
Signed

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY        NJ 08060

TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

DATE:    JULY 21, 2022
RE:      BALCH NINA VS CARVANA  LLC
DOCKET:  BUR L -001338 22

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON AIMEE R. BELGARD

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (609) 288-9500.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:

ATT: SAMANTHA P. MARTIN
COSTELLO & MAINS LLC
18000 HORIZON WAY
STE 800
MT LAUREL        NJ 08054-4319

JUCCAU0